UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HECTOR LIENDO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:24-CV-043 |
| § | |
| DEWALT INDUSTRIAL TOOL CO., *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER & OPINION

Plaintiff Hector Liendo alleges that he injured his hands while using an angle grinder that the Defendant Black & Decker (U.S.), Inc. manufactured.[1] He alleges products liability claims for design, manufacturing, and marketing defects.

Black & Decker seeks summary judgment on the grounds that Liendo can produce no evidence of a product or manufacturing defect, or of inadequate warnings that caused the alleged injuries. After reviewing the record and the applicable law, the Court concludes that Black & Decker is entitled to summary judgment as to all of Liendo's causes of action.

**I.   Summary Judgment Facts and Procedural History**

At some point before 2011, Liendo purchased a D28115 model Black & Decker angle grinder, which had a removable guard. A label on the grinder contained a conspicuous "WARNING" that referenced the instruction manual and the guard:

> [T]o reduce the risk of injury, user must read and understand instruction manual.
> Always use proper guards when grinding and wear eye protection. . . .

(Label, Doc. 17–4). The accompanying instruction manual repeated the need to use the guard in most circumstances:

---

[1] Liendo brought suit against "DeWalt Industrial Tool Co. and Black & Decker (U.S.) Inc." (Orig. Pet., Doc. 1–1) The Motion for Summary Judgment asserts that Black & Decker (U.S.), Inc. is the proper defendant. (MSJ, Doc. 17, 5) The Court will refer to the Defendant as Black & Decker.

1 / 14

> **CAUTION: Guards must be used with all grinding wheels, cutting wheels, sanding flap discus, wire brushes and wire wheels.** The tool may be used without a guard only when sanding with conventional sanding discs.

(Manual, Doc. 17–3 (emphasis in original))  Liendo admitted that he never read the instruction manual before the incident.  He did not recall whether he read "any of the warnings on the grinder itself[.]" (Liendo Dep., Doc. 17–2, 57:22–25)

For years after the purchase, Liendo used the grinder with the guard attached.  About a year before the incident at issue in this case, Liendo removed the guard because the handle that locks the guard in place became loose.

In February 2022, Liendo purchased and placed a cutting wheel attachment on the grinder.  He intended to use the modified grinder to trim a piece of metal off a door frame in his workshop. To do so, Liendo stood on the top of a ladder, held the grinder over his head, and cut a thin piece of metal from the frame, moving the grinder away from his body.  As he completed the cut, the detached metal strip "wrapped around the wheel" and began to whip around "like a weedeater[,]" striking and injuring both of his hands. (Liendo Dep., Doc. 19–1, 110:25–112:23)

David Hallman, a licensed engineer with "an extensive background in mechanical engineering and materials science and engineering[,]" provided opinions regarding the grinder. (Hallman Decl., Doc. 18–2, 1)[2]  He opined that angle grinders such as the one that Liendo bought "are generally considered to be more dangerous and have a higher injury potential . . . than circular saws." (*Id.* at 27)  According to Hallman, manufacturers typically place non-removable guards on circular saws, but not on angle grinders.  He opined that a permanently mounted guard on the grinder represented an alternative design that "more likely than not [] would have prevented or reduced Mr. Liendo's injuries." (*Id.* at 28)

---

[2] Black & Decker requests exclusion of Hallman's testimony in its entirety on the basis that he lacks the requisite qualifications and applied an unreliable methodology to render opinions under Federal Rule of Evidence 702. (Motion to Exclude, Doc. 16).  As the Court concludes that Black & Decker is entitled to summary judgment even considering Hallman's testimony, it declines to rule on the Motion to Exclude. *Cf. I.A. v. Seguin Indep. Sch. Dist.*, 881 F. Supp. 2d 770, 785 (W.D. Tex. 2012) (declining to rule on *Daubert* motion because the record otherwise supported summary judgment).

In his report, Hallman included statements revealing his apparent belief that Liendo purchased the grinder with no guard at all.  For example, and of greatest significance, he opined that the grinder was "unreasonably dangerous and defective" because Black & Decker sold it without a guard:

> The subject Dewalt angle grinder was not provided with any type of guard mounted to the angle grinder.  The failure to include a guard mounted to the subject Dewalt angle grinder renders it unreasonably dangerous and defective.

(Hallman Rep., Doc. 18–2, 27)  At his deposition, Hallman reaffirmed that his report "says [the grinder] came without a guard on it out of the box[.]" (Hallman Dep., Doc. 16–1, 111:10–12)  He also clarified that he did not opine that a grinder "without a nonremovable guard is defective[,]" but rather opined only that such a grinder represented "an alternative design." (*Id*. at 175:2–7)  And he provided unambiguous testimony that he had no opinions identifying a design or manufacturing defect in the grinder:

> Q. In your opinion, is the subject grinder in this case defective because it does not have a nonremovable guard?
> A. No. I've never offered that opinion.
>
> Q. Sorry. What was that?
> A. I don't think I've ever offered that opinion in this case.
>
> Q. And so even in this case, you are not offering the opinion that a grinder, or the subject grinder in this case, are defective if they do not have a nonremovable guard?
> A. I don't -- I have not offered that opinion in this case.
>
> Q. Have you ever offered the opinion in any litigation matter that a grinder without a nonremovable guard is defective?
> A. No.

(*Id*. at 175:8–24)  Similarly, he agreed that he was "not offering any warnings opinions in this case[.]" (*Id*. at 134:13–15)

After the incident, Liendo filed a products liability suit against Black & Decker in a Texas state court, alleging products liability claims for design, manufacturing, and marketings defects.

Black & Decker timely removed the case based on diversity jurisdiction. (Notice of Removal, Doc. 1)  And after the close of discovery, Black & Decker moved for summary judgment.

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).  "[W]hile it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim." *Id.* at 335 n.10 (emphasis in original).  Courts cannot "assume, however, in the absence of any proof, that the nonmoving party could or would prove the necessary facts." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009).

While a court construes "all facts and inferences in the light most favorable to the nonmoving party," the nonmovant cannot rely on "conclusional allegations, unsupported

assertions, or presentation of only a scintilla of evidence" to avoid summary judgment. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

### III. Analysis

Black & Decker seeks summary judgment as to all of Liendo's causes of action–i.e., design defect, manufacturing defect, and failure to warn.  For the following reasons, Liendo fails to create a genuine issue of material fact as to each cause of action, entitling Black & Decker to its requested relief.[3]

#### A. Design Defect

Black & Decker argues that no evidence identifies a design defect in the grinder that Liendo purchased.  Based on the summary judgment record, the Court agrees.

"Under Texas law, to recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (cleaned up) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)).  To determine if a product was unreasonably dangerous as designed, Texas courts consider the following factors:

> (1) the utility of the product to the user and to the public as a whole weighed against the gravity and likelihood of injury from its use; (2) the availability of a substitute product which would meet the same need and not be unsafe or unreasonably expensive; (3) the manufacturer's ability to eliminate the unsafe character of the product without seriously impairing its usefulness or significantly increasing its costs; (4) the user's anticipated awareness of the dangers inherent in the product and their avoidability because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions; and (5) the expectations of the ordinary consumer.

---

[3] Black & Decker also requests summary judgment as to Liendo's claim for punitive damages. (MSJ, Doc. 17, 23)  As none of Liendo's substantive claims survive the motion for summary judgment, his claim for punitive damages also fails. *See Gaia Techs. Inc. v. Recycled Products Corp.*, 175 F.3d 365, 373 (5th Cir. 1999) (noting that under Texas law, a plaintiff is not entitled to punitive damages as a matter of law absent a finding that the defendants committed an independent tort).

*Timpte Indus.*, 286 S.W.3d at 311. While the existence of a defective design typically represents a question of fact, courts can determine the issue as a matter of law when "reasonable minds cannot differ" on the matter. *Id.* at 312.

The existence of a safer alternative design is "necessary, but not sufficient[,]" to maintain the claim. *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 254–55 (Tex. 1999); *see also Jackson v. Michelin N. Am., Inc.*, No. 07-16-00325-CV, 2018 WL 4323624, at *5 (Tex. App.—Amarillo Sept. 10, 2018, pet. denied) ("[P]laintiffs must establish that the product in question, as designed and manufactured, was unreasonably dangerous—not simply that they think they could improve upon it.").

A design defect claim generally requires "competent expert testimony and objective proof that a defect caused the injury." *Champion v. Great Dane Ltd. P'ship*, 286 S.W.3d 533, 538 (Tex. App.—Houston [14th Dist.] 2009, no pet.). As a result, plaintiffs must present competent expert testimony regarding an alleged defect when the issue involves "matters beyond jurors' common understanding." *Loera v. Fuentes*, 511 S.W.3d 761, 774 (Tex. App.—El Paso 2016, no pet.); *see also Sipes v. Gen. Motors Corp.*, 946 S.W.2d 143, 155 (Tex. App.—Texarkana 1997, writ denied) ("Frequently, expert testimony is essential to establish a design defect if the design is not blatantly defective."). In such cases, absent expert testimony, a plaintiff cannot establish a genuine dispute of material fact as to the existence of a product defect. *See Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 409 (5th Cir. 2016); *Barnett v. Kia Motors Am., Inc.*, No. 22-20614, 2023 WL 8946196, at *1 (5th Cir. Dec. 28, 2023) (unpubl.) (affirming summary judgment based on lack of expert testimony regarding malfunctioning seat belts or airbags).

In the present matter, Liendo submits no competent summary judgment evidence creating a fact issue as to a defect in the grinder's design. In his Response, Liendo includes no citation to the summary judgment record on this issue, merely arguing that Black & Decker "failed to include with the Grinder any type of safety guard or attachment that would have prevented Plaintiff's

injuries[,]" and that the grinder "offered Plaintiff no protection against the malfunction of the Grinder and subsequent injuries." (Resp., Doc. 19, 11–12)  Liendo references Hallman, but only to reference his opinion that "the alternative design would have decreased the likelihood of Plaintiff's specific injuries." (*Id.*)

Liendo's reliance on Hallman falls short of creating a fact issue as to a design defect in the grinder.  In his deposition, Hallman unambiguously disclaimed any opinion that a grinder without a nonremovable guard represented a defectively-designed device. (Hallman Dep., Doc. 17–1, 175:8–24)  And in his report, the only defective device that he identified was a grinder sold with no guard. (Hallman Rep., Doc. 18–2, 27; MSJ Resp., Doc. 19, 12)  This opinion, however, cannot create a fact issue.  The summary judgment evidence conclusively establishes that Liendo purchased the grinder with an attached guard.  Liendo concedes as much in his Response, including in his factual statement that he "removed the guard *that was included* with the Grinder[.]" (Resp., Doc. 19, 5 (emphasis added))  As a result, any opinion by Hallman regarding a grinder sold with no guard at all would be irrelevant to this lawsuit, as it would not concern the product at issue.  As to the product actually sold–i.e., a grinder with a removable guard–Hallman testified that he "never offered" the opinion that such a grinder was defective. (Hallman Dep., Doc. 16–1, 175:2–20).  In other words, the only defective device about which Hallman opined is not the grinder that Liendo bought, and as for the grinder actually purchased, Hallman offers no opinion.[4]

---

[4] In addition, to the extent that Hallman's report and deposition testimony contain conflicting opinions, that inconsistency would not create a fact issue, but instead would support disregarding Hallman's opinions altogether. *See Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."); *Hacienda Records, L.P. v. Ramos*, 718 F. App'x. 223, 235 (5th Cir. 2018) ("Therefore, so long as inconsistent statements were made by Ramos the deponent and Ramos the affiant, the court may refuse to consider his declaration as competent evidence.") (cleaned up) (unpubl.); *Hackett v. United Parcel Serv.*, 736 F. App'x. 444, 449 (5th Cir. 2018) (affirming decision to disregard portions of plaintiff's affidavit when it directly contradicted his deposition testimony) (unpubl.).

Lacking any competent summary judgment evidence identifying a design defect in the grinder that Liendo bought and used, Liendo fails to create a genuine issue of material fact as to his claim based on a defective design.

### B. Manufacturing Defect

Black & Decker moves for summary judgment on the grounds that Liendo identifies no evidence of a manufacturing defect in the purchased grinder. As with the design defect claim, the summary judgment record and the applicable law support Black & Decker's position.

"Under Texas law, a manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Norman v. Bodum USA, Inc.*, 44 F.4th 270, 272 (5th Cir. 2022) (cleaned up) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "Texas law does not generally recognize a product failure or malfunction, standing alone, as sufficient proof of a product defect. Rather, the deviation from design that caused the injury must be identified." *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th Cir. 2014) (internal citations omitted). Thus, "the plaintiff must present proof of a manufacturer's *intended* design, from which the actual product in question deviated as a result of a defect in the manufacturing process." *Norman*, 44 F.4th at 272 (emphasis in original); *see also Bryant v. Giacomini, S.p.A.*, 391 F. Supp. 2d 495, 499 (N.D. Tex. 2005) (granting summary judgment because the plaintiffs failed to "identify[] the manufacturer's plans for the valve at issue" and "the existence of a nonconformance with the plan that made the valve unreasonably dangerous").

Here, Liendo offers no evidence of Black & Decker's intended design for the grinder and identifies no deviation from that design in the product that he purchased. In his Response, Liendo alludes to his claim for manufacturing defect, but offers no argument specific to that cause of action, much less any supporting evidence. And his expert, Hallman, testified that he was "not offering the opinion in this case that the subject grinder is defective in manufacture." (Hallman

Dep., Doc. 17–1, 154:17–20; *see also id.* at 155:17–20 (testifying that he did not identify "any specific employee or production error in the manufacturing process of the subject grinder")) As a result, Liendo fails to create a fact issue as to a manufacturing defect, proving fatal to this cause of action.

### C. Marketing Defect

Black & Decker contends that Liendo can present no evidence that the company failed to adequately warn or instruct him, or that any failure to do so proximately caused his injuries. (Motion, Doc. 17, 18–19) The Court agrees with both arguments.

For a marketing defect claim, a plaintiff must satisfy five elements:

> (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 118 (Tex. App.—San Antonio 2004, pet. denied). In short, the plaintiff "must show that the warning was defective and that this failure to warn was the producing cause of the plaintiff's injury." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 428 (5th Cir. 2020).

A two-part test determines the legal adequacy of a product's warning: "(1) [the warning] must be in such form that it could reasonably be expected to catch the attention of the reasonably prudent man in the circumstances of its use; (2) the content of the warning must be of such a nature as to be comprehensible to the average user and to convey a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person." *Stewart v. Transit Mix Concrete & Materials Co.*, 988 S.W.2d 252, 256 (Tex. App.—Texarkana 1998, pet. denied). Courts

generally consider the adequacy of a warning a question of fact.[5] *Hale*, 963 F.3d at 428 (citing *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 592 (Tex. 1986)); *Daimlerchrysler Corp. v. Hillhouse*, 161 S.W.3d 541, 548 (Tex. App.—San Antonio 2004), review granted, judgment vacated, and remanded by agreement, No. 05-0289, 2006 WL 8473582 (Tex. Jan. 13, 2006).

"In situations when instructions or warnings pertinent to the proper operation, mounting, maintenance, and repair of the product may be necessary, expert testimony is required." *Ramsey v. Caterpillar Inc.*, No. 12-16-00155-CV, 2017 WL 1426793, at *3 (Tex. App.—Tyler Apr. 19, 2017, pet. denied); *see also Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 211 (Tex. App.—Dallas 2011, pet. denied) ("Texas case law demonstrates a consensus that expert testimony is required in the context of strict liability marketing defect claims"). When the adequacy of a warning label requires technical knowledge that goes "beyond the general experience and common understanding of laypersons[,]" courts require that the plaintiff present the fact finder with expert opinions on the matter. *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 205 (Tex. App.—Texarkana 2008, no pet.). For example, at times, a manufacturer markets a product with numerous potential risks of harm. The manufacturer must make decisions regarding which warnings to include, as "the more instructions and warnings that are printed in one place—on the dashboard, on a doorplate, or in the owner's manual—the less likely that any one instruction or warning will be noticed." *Saenz*, 873 S.W.2d at 360–61. Ultimately, the provided warnings must "convey a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person." *Stewart*, 988 S.W.2d at 256. And "[w]ithout the benefit of expert testimony, a jury

---

[5] A warning label that specifically warns against the use that occasioned the harm is adequate as a matter of law. *Hale*, 963 F.3d at 428. To satisfy this standard, the label must be highly specific, as generalized warnings do not suffice. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 773 (5th Cir. 2018) (concluding that the defendant's warning was insufficiently specific to be adequate as a matter of law); *Hale*, 963 F.3d at 428 (concluding that because "the label expressly warned against the use that caused her injuries, the warning was adequate as a matter of law."). Black & Decker does not contend that these principles control in this case.

cannot determine which warnings and instructions should be included in an adequate warning." *Ramsey*, 2017 WL 1426793, at *3.

Courts determine as a matter of law whether a plaintiff must offer expert testimony to prove his claim. *See FFE Transp. Services, Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (concerning negligence). When the court determines that expert opinions are required, a plaintiff's failure to provide such testimony defeats the cause of action. *See e.g., Goodyear Tire*, 143 S.W.3d at 118 (reversing a jury verdict on a marketing defect claim where the plaintiff offered no expert testimony regarding the warnings that the defendant should have placed on the sidewall of a tire); *Estate of Dominguez v. Signalisation Ver-Mac, Inc.*, No. 1:23-CV-00066, 2024 WL 2744781, at *2 (E.D. Tex. May 7, 2024) (granting summary judgment on marketing defect claim where plaintiff did not offer expert testimony regarding the adequacy of the warnings); *Emery v. Medtronic, Inc.*, 793 F. App'x. 293, 296 (5th Cir. 2019) (unpubl.) (affirming summary judgment on product liability action where plaintiff did not submit expert opinions, and noting that "product liability cases are quintessentially expert cases").

In the present matter, the Court finds that Liendo must present expert testimony. Individuals purchase Black & Decker's angle grinder for multiple uses, at times involving attachments, such as for cutting. (*See* Manual, Doc. 17–3 (referencing "grinding wheels, cutting wheels, sanding flap discus, wire brushes and wire wheels")). Most utilizations require a guard for safe usage, although the user may choose to sand without a guard. Given the complexity of the device, a layperson with common knowledge would not possess the technical skills required to determine if the warnings convey a fair indication of the nature and extent of the danger to a reasonably prudent person.

Here, Liendo submits no evidence of an inadequate warning, whether through an expert or otherwise. As Black & Decker correctly points out, Hallman testified that he was not offering any opinions about the adequacy of the warnings on the grinder. (*See* Hallman Dep., Doc. 17–1,

134:13–15; *id.* at 137:19 ("I'm not a warnings expert.")) And Liendo points to no other evidence regarding the warning's alleged inadequacy. This failure alone defeats Liendo's cause of action.

Black & Decker also argues for summary judgment because Liendo "failed to read available BDUS warnings and instructions that, if followed, would have prevented the subject incident." (Motion, Doc. 17, 19) This argument focuses on the causation element of Liendo's claim.

When a manufacturer provides no warning on the purchased item, a presumption exists "that proper warnings would have made a difference (i.e. the warnings would have been followed had they been provided)." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 433 n.29 (5th Cir. 2001) (quoting *Stewart*, 988 S.W.2d at 255). The presumption does not apply, however, when the manufacturer provides a warning, but the plaintiff alleges that it was inadequate. *McLennan*, 245 F.3d at 433 n.29; *Stewart*, 988 S.W.2d at 255. In this scenario, a court cannot presume that "a plaintiff would have heeded a better warning when, in fact, he did not read the warning given, which if followed would have prevented his injuries." *Stewart*, 988 S.W.2d at 255. Indeed, if the evidence demonstrates that the plaintiff did not read a provided warning, and that compliance with the warning would have prevented the alleged injury, the plaintiff cannot establish causation. *See Saenz.*, 873 S.W.2d at 361 ("[G]iven that [plaintiffs] did not read the warnings GM provided, there is no reason why they would have read the warnings which the court of appeals held should have been provided."); *Tidwell v. Terex Corp.*, No. 01-10-01119-CV, 2012 WL 3776027, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) ("The evidence demonstrates that Tidwell failed to read the warnings provided and, therefore, Terex's failure to include a different, better warning could not have been a cause-in-fact of the accident."); *Blythe v. Bumbo Int'l Tr.*, No. 6:12-CV-36, 2013 WL 6190284, at *4 (S.D. Tex. Nov. 26, 2013), *aff'd*, 634 F. App'x 944 (5th Cir. 2015) (unpubl.) ("[B]ecause the Blythes did not read any warnings—the ones on the box, in the instruction leaflets, or on the seat—they cannot establish the causation element of their claim.");

*Ramsey*, 2017 WL 1426793, at *3 (affirming summary judgment when the alleged injury would have been avoided if plaintiffs had obeyed the warning provided).

In the present matter, Liendo admitted that he never read the instruction manual before the incident that caused his injuries. Had he read the provided warning and followed it, he would have avoided the injuries that he alleges. The label on the grinder warned Liendo that "to reduce the risk of injury," he "must read and understand [the] instruction manual." (Label, Doc. 17–4). The referenced instruction manual provided an unambiguous warning: "CAUTION: Guards must be used with all grinding wheels, cutting wheels, sanding flap discus, wire brushes and wire wheels. The tool may be used without a guard only when sanding with conventional sanding discs." (Manual, Doc. 17–3) Liendo did not suffer his injuries while "sanding with conventional sanding discs." Thus, the warning's initial admonishment applied. That warning instructed that individuals use the grinder with the guard in place. Liendo did not heed that warning, removing the guard and continuing to use the device. Following the instructions would have led to Liendo either not using the grinder or re-attaching an appropriate guard before using the device. Either option would have prevented the injuries, negating causation.[6]

As Liendo can demonstrate neither an inadequate warning or that any inadequacy caused his injury, his marketing defect claim fails.

**IV.   Conclusion**

For these reasons, it is:

**ORDERED** that Defendant Black & Decker's Motion for Traditional and No-Evidence Summary Judgment (Doc. 17) is **GRANTED**; and

**ORDERED** that summary judgment is **GRANTED** in favor of Black & Decker as to all causes of actions raised by Plaintiff Hector Liendo.

---

[6] Liendo offers no evidence that his use of the device with the guard would have still resulted in his injuries. On the contrary, his allegations rest on the opposite premise that a nonremovable guard would have prevented the accident. In other words, he alleges that using the grinder with a guard would have avoided the alleged harm.

The Court will separately issue a final judgment.

Signed on September 9, 2025.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge